IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DANIEL F. UTLEY, | ) |
| | ) |
| Plaintiff, | ) Case No. 5:18-cv-00064 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| JENNY FE UTLEY, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Daniel F. Utley ("Mr. Utley") filed the instant Complaint (the "Complaint" or "Compl."), ECF No. 2. In the accompanying order entered with this memorandum opinion, the court will grant Mr. Utley leave to proceed in forma pauperis due to his indigence. After reviewing the Complaint, the court concludes that the action must be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1915(e)(2)(B)(i)–(ii).

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (internal quotations omitted) ("[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and to exclude suits that have no arguable basis in law or fact.").

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

From the cover sheet, it appears that Mr. Utley argues that the court can exercise diversity jurisdiction, as defendant Jenny Fe Utley ("Ms. Utley") is purportedly a citizen of the Philippines. Civil Cover Sheet, ECF No. 2-1. But "district courts shall not have original [diversity] jurisdiction . . . of an action between citizens of a State and citizens of a foreign state who are lawfully admitted for permanent residence in the United States are not domiciled in the same State." 28 U.S.C. § 1332(a)(2). Mr. Utley claims that both he and Mrs. Utley live in Woodstock, Virginia. Civil Cover Sheet, ECF No. 2-1. As such, the court can exercise diversity jurisdiction only if Mrs. Utley is not a legal permanent resident of the United States. Mr. Utley does not plead this, which is fatal to his claim.

Further, the court may only exercise diversity jurisdiction if the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a). Mr. Utley appears to seek the return of his children, rather than monetary relief. See Compl. at 5. The court cannot afford Mr. Utley the relief he seeks. As Mr. Utley fails to plead the requisite amount in controversy, again, the court cannot exercise diversity jurisdiction over the Complaint.

Accordingly, the court will dismiss Mr. Utley's complaint without prejudice pursuant to 28 U.S.C. §§ 1332 and 1915(e)(2)(B)(ii) for lack of jurisdiction.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: April 11, 2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge